# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARILYN AZUZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACCUCOM CORPORATION d/b/a INFOTRACER,<br><br>Defendant. | Case No. 1:21-cv-01182<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Marilyn Azuz ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Accucom Corporation (d/b/a Infotracer) ("Accucom," "Infotracer," or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF ACTION

1. Defendant owns and operates a website that sells background reports on people to the general public.

2. Defendant sells its reports on its website: https://infotracer.com/.

3. Upon accessing Accucom's website, the public-at-large is free to enter the first and last name of a particular individual via a search bar on the homepage.

4. After entering this information, any public user of Accucom's website is provided with a listing of search results. Each search result corresponds to an actual person that Accucom has located who matches the name provided by the public user.

5. These search results provide a limited, free preview of Defendant's reports. As shown in the images below, this free preview includes the searched individual's name (including

middle initials), age, current city and state of residence, the searched individual's relatives, and other identifying information:



**Frequently Asked Questions:**

**Q** How is my report delivered?
**A** All reports are generated instantly right on your screen after payment.

**Q** Where does your data come from?
**A** Our reports are compiled from thousands of public and private sources which include courthouses, county offices, municipalities, federal government sources & much more!

**Q** How many reports can I run?
**A** You can run unlimited reports for as long as your membership is active.

**Q** How much will I save by accessing reports through your service?
**A** Other companies charge more per report than we charge per month for unlimited searches.

**Q** How do you compare against your competitors?
**A** We have one of the best, most comprehensive, and accurate reports. Many of our records, such as criminal and arrest, are updated daily.

**Q** How easy it is to cancel my membership?
**A** Our call center is open 24/7 to help customers cancel their memberships. You can also cancel your membership with the click of a button from your account page.

6. As shown in the above, Accucom's free preview provides enough information to identify an individual.

7. The purpose behind Accucom's free preview is singular: to entice users to purchase Defendant's services. These services include "Arrest Records" and "Unlimited Lookup Pass," and "Bankruptcy Records" relating to individuals on its database.

8. Accucom uses these free previews to advertise its monthly subscription services whereby a user can access and retrieve reports on any individual in its database.

9. In order for a user to view a person's reports or other background histories generated by the Defendant, a user needs to purchase Defendant's services. Clicking on "Open Report" or "View Report" in the above images leads users to a pay screen which presents them with an option to pay for Accucom's monthly subscription services.

10. Accucom's most popular monthly subscription costs $19.05 per month to access and search anyone on its database.

11. Accucom's monthly subscription allows users to obtain background reports using its services on an unlimited number of individuals per month.

12. Accucom compiles and generates the content it sells on its website. According to Defendant: "Other companies charge more per report than we charge per month for unlimited searches." (*See* screenshot in Paragraph 5)

13. The Illinois Right of Publicity Act ("IRPA") states that: "A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons." 765 ILCS 1075/30

14. Neither Plaintiff nor class members provided Defendant with written consent to use their identities in Defendant's advertisements. As detailed above, Accucom uses class members' identities to advertise its for-profit services. Thus, Defendant violates IRPA, 765 ILCS 1075/1, *et seq.*

15. It would be simple for Accucom to maintain their business model while still complying with state law. For example, Accucom could display Plaintiff's personal identifiable information without using her identity to advertise its unlimited subscription service.

16. Accucom purposefully subjects itself to jurisdiction in this Court by knowingly searching and obtaining private and public records and/or identifying information on Illinois residents. Indeed, this lawsuit revolves around Accucom's business practice of acquiring identifying information about Illinois residents with the specific intent of selling that information to its customers.

17. Additionally, Accucom directly sells its services to consumers in Illinois.

## PARTIES

18. Plaintiff Marilyn Azuz is a citizen of Illinois who resides in Chicago, Illinois.

19. Defendant Accucom Corporation is a Delaware corporation with its principal place of business located in Boston, Massachusetts. Accucom owns and operates the infotracer.com website.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed

4

class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, are citizens of states different from Accucom.

21. This court has specific personal jurisdiction over Defendant because Accucom purposely advertises their product in this district using Plaintiff's personal information and Plaintiff's injury resulted from Defendant's purposefully directed activities in this district.

22. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff lives in this District which is also the primary location of her injury.

## FACTS COMMON TO ALL CAUSES OF ACTION

23. Plaintiff discovered that Accucom uses her name, age, city of domicile, and the identity of her relatives in advertisements on the Accucom website to advertise and/or actually sell Defendant's products and services. These advertisements were the same or substantially similar to those shown in Paragraph 5.

24. Plaintiff believes that it is reasonable for others to identify her because Defendant's advertisements include accurate details about her.

25. Indeed, Plaintiff can confirm that the individual Defendant identified in paragraph 5 is herself.

26. Plaintiff never provided Accucom with consent to use any attribute of her identity in any advertisement or for any commercial purposes.

27. Plaintiff is not and has never been a Accucom customer. She has no relationship with Accucom whatsoever.

28. As the subject of a commercial transaction, Plaintiff's personal identifiable information disclosed by Accucom has economic value. These aspects of Plaintiff's identity are valuable to online advertisers among others.

29. Plaintiff has not been compensated by Accucom in any way for its use of her identity.

## CLASS REPRESENTATION ALLEGATIONS

30. Plaintiff seeks to represent a class defined as all Illinois residents who have appeared in an advertisement preview for a Accucom report (the "Class").

31. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

32. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

    a. Whether Accucom's uses class members' names and identities in advertisements for its own commercial benefit;

    b. Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*; and

    c. Whether Plaintiff and the class are entitled to injunctive relief;

33. The claims of the named Plaintiff are typical of the claims of the Class.

34. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members they seek to represent, she has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

35. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class. Each individual Class member may lack the resources to

undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

### COUNT I
**Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.***

36. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

37. Plaintiff brings this claim individually and on behalf of the members of the Class.

38. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq*.

39. As shown above, Accucom used Plaintiff's and the putative class members' names and likenesses for the purpose of advertising or promoting its products without written consent.

40. Defendant intended for Plaintiff's persona to be used in an advertisement without authorization.

41. Based upon Accucom's violation of the Illinois Right of Publicity Act, Plaintiff and class members are entitled to (1) an injunction requiring Accucom to cease using Plaintiff's and members of the class' names and any attributes of their identities to advertise its products

and services, (2) the greater of any award of actual damages (including profits derived from the unauthorized use of Plaintiff's and class members' names and identities) or statutory damages of $1,000 per violation to the members of the class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

b. For an order declaring the Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For all injunctive relief the court finds appropriate; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: March 2, 2021 Respectfully submitted,

**NICK LARRY LAW LLC**

By: *s/ J. Dominick Larry*

J. Dominick Larry
8 S Michigan Ave, Suite 2600
Chicago, IL 60603
Tel: (773) 694-4669
Fax: (773) 694-4691
E-Mail: nick@nicklarry.law

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice* Forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com

*Attorneys for Plaintiff*