IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN AZUZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21 cv 1182 |
| v. | ) ) | Judge Steven C. Seeger |
| ACCUCOM CORPORATION, d/b/a INFOTRACER, | ) ) ) | Magistrate Judge Cummings |
| Defendant. | | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(2)**

Defendant, ACCUCOM CORPORATION d/b/a INFOTRACER ("Infotracer"), by and through its attorneys and for its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure states as follows:

**INTRODUCTION**

Infotracer owns and operates the website www.infotracer.com. It houses public records and offers access to public records. It offers users a free preview of its service. Notwithstanding the fact that Infotracer was not using Plaintiff's name to attract anyone to its site but was instead delivering search results like any other search engine, Plaintiff has brought a lawsuit against it for violating the Illinois Right to Publicity Act, ("IRPA"), 765 ILCS 1075/1, *et. seq*. This matter, however, should not be in this Court because as a threshold matter, Plaintiff fails to sufficiently plead personal jurisdiction over Infotracer. Plaintiff does not and cannot plead that Infotracer's online activities are specifically targeted at Illinois users. Accordingly this Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

**ARGUMENT**

A. **There is no general jurisdiction over Defendant**

Plaintiff acknowledges that Defendant is a Delaware corporation with a principal place of business in Boston, Massachusetts. (Compl., ¶19). The basis for jurisdiction is diversity. (Dkt #2). Accordingly, this Court has personal jurisdiction over Defendant only if an Illinois state court would have jurisdiction over it. *Citadel Group, Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 760, (7th Cir. 2008). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Because there is no question that Defendant is neither incorporated, nor maintains its principal place of business, in Illinois, the court would only have general jurisdiction if Defendant's business contacts with Illinois are so "continuous and systematic" that it can be considered "essentially at home" here." *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 733 (7th Cir. 2013). Plaintiff makes no attempt to establish that Defendant is "essentially at home" in Illinois, nor can she based on Defendant's operation of an interactive website. *See Nicholson v. e-TeleQuote Ins., Inc.*, 2015 U.S. Dist. LEXIS 139287, *11, 2015 WL 5950659 (noting that "doing 10 percent of your business in Illinois does not make a corporation 'at home' in Illinois" because "[w]ere this the case, such a corporation easily could have homes in dozens of states…plus its own state of incorporation and principal place of business."). Moreover, as set forth below, Plaintiff fails to establish specific jurisdiction over Defendant.

B. **There is no specific jurisdiction over Defendant**

Unlike general jurisdiction, specific jurisdiction is limited to claims "arising out of or related to the defendant's contacts with the forum." *Dimitrov v. Nissan N. Am. Inc.*, 2015 U.S. Dist. LEXIS 170990 (N.D.Ill. Dec. 22, 2015). "Specific jurisdiction exists 'if the defendant has certain minimum contacts with [the [s]tate] such that the maintenance of the suit does not offend

2

traditional notions of fair play and substantial justice.'" *Id., citing Daimler*, 134 S. Ct. at 754. In support of personal jurisdiction Plaintiff concludes that Defendant "purposely advertises their product in this district using Plaintiff's personal information and Plaintiff's injury resulted from Defendant's purposefully directed activities in this district." (Compl., ¶21). She claims that "it is reasonable for others to identify her," (Compl., ¶24), however, she does not contend that anyone anywhere actually did identify her- much less in Illinois. The "mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014), *citing Walden v. Fiore*, 134 S. Ct. 1115, 1126, 188 L.Ed.2d 12 (2014).

In the context of Defendant's website, the Court must consider whether Defendant has "targeted Illinois" "beyond simply operating an interactive website." 751 F.3d at 802-803, *citing be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011). "If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." 642 F.3d at 559. "It is the defendant—not the plaintiff or third parties—that must create the contacts in the forum state, and those contacts must be 'with the forum State itself, not ... with persons who reside there.'" *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 913, *citing Walden*, 134 S. Ct. at 1122.

In this case Plaintiff alleges nothing more than that Defendant operated an interactive website that could be accessed anywhere. While this could have an incidental reach on Illinois residents, these scant allegations do not establish that it purposefully directed its activities towards Illinois. *See Colucci v. Whole Foods Mkt. Servs.*, 2021 U.S. Dist. LEXIS 64063, *11, 2021 WL 1222804 (April 1, 2021)("WFM Services operated an informational web page for the product.

That alone is insufficient to finding WFM Services purposely directed its activities towards Illinois."); *Kinon Surface Design, Inc. v. Hyatt Int'l Corp.*, 2020 U.S. Dist. LEXIS 227619, *17, 2020 WL 7123068 (N.D.Ill. Dec. 4, 2020)("Under *Advanced Tactical*, this Court has no basis for exercising personal jurisdiction over HOC and HIHM because all they did is operate a website; they did not direct their activities toward Illinois."). Similarly in this case Defendant's search engine is not directed toward nor does it target Illinois.

WHEREFORE, Defendant, Accucom Corporation, d/b/a Infotracer, respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ Louis J. Manetti, Jr.
Louis J. Manetti, Jr.

David M. Schultz
John Ryan
Louis J. Manetti, Jr.
Hinshaw & Culbertson LLP
151 North Franklin St., Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
jryan@hinshawlaw.com
lmanetti@hinshawlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on May 5, 2021, a copy of the forgoing Defendant's Memorandum in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(2) was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By: /s/Louis J. Manetti, Jr.
           Hinshaw & Culbertson LLP
           151 North Franklin St., Suite 2500
           Chicago, IL 60606
           Phone No.: 312-704-3000
           Fax No. 312-704-3001

1040298\308079908.v1