UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILYN AZUZ, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:21 cv 1182 |
| v. | ) ) Judge Steven C. Seeger |
| ACCUCOM CORPORATION, d/b/a INFOTRACER, | ) ) Magistrate Judge Cummings ) |
| Defendant. | ) ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL AUTHORITY**

Defendant, Accucom Corporation, d/b/a Infotracer, by and through its attorneys, and in response to Plaintiff's Notice of Supplemental Authority states as follows:

Plaintiff cites to *Lukis v. Whitepages Incorporated*, Case No. 19-cv-04871, 2021 U.S. Dist. LEXIS 132843, 2021 WL 3022319 (N.D.Ill. July 16, 2021) as supplemental authority in opposition to Defendant's Motions to Dismiss. (ECF #25). Plaintiff argues "Whitepages' motion to dismiss based on the arbitration provision was denied as the Court found that Plaintiffs' counsel was not acting as Plaintiffs' agent at the time of the investigation." *Id.* at p.2. The court, however, did not deny Whitepages' motion to compel arbitration. On the contrary, Judge Feinerman deferred a ruling on the motion in order to permit limited discovery on the issue of whether plaintiffs Norvaisas and Brown entered into an agreement with Whitepages. *See Lukis*, 2021 U.S.Dist. LEXIS 132843, *21 ("Accordingly, as Whitepages suggests, the proper course is to allow further factual development via discovery concerning Norvaisas's and Brown's use of and activity on the Whitepages website.")

Moreover, as to the *Lukis* analysis of whether the conduct of counsel bound Norvaisas and Brown to Whitepages' terms, it is distinguishable. Whitepages argued that as a matter of law putative

class counsel can bind undisclosed putative class members to Whitepages' arbitration agreement. This is not remotely close to the argument that Defendant makes here.

In *Lukis*, plaintiff's counsel agreed to Whitepages' terms in July 2020 in responding to a motion for summary judgment filed against Lukis, the only named plaintiff at the time. Whitepages argued that putative class counsel's conduct in July 2020 bound undisclosed putative class members Norvaisas and Brown to the arbitration agreement. Norvaisas and Brown did not become parties until November 2020, when they were added as named plaintiffs. The court rejected Whitepages' argument that putative class counsel's conduct in July 2020 could bind undisclosed putative class members by noting:

> Before class certification, there is no class and no class counsel. Putative class counsel therefore does not represent absent members of the putative class or act as their agent. Any contrary rule would have absurd consequences, allowing attorneys to ratify contracts on behalf of hundreds, thousands, or even millions of people just by filing a class action complaint." *Id.* at *17-19 (internal citations omitted).

The facts in this case are distinguishable because here, the conduct of plaintiff's counsel created the cause of action. *See Independent Living Resource Center San Francisco v. Uber Technologies, Inc.*, No. 18-06503, 2019 U.S.Dist. LEXIS 127072, 2019 WL 3430656 (N.D. Cal. July 30, 2019). Defendant in this case does not argue that unnamed putative class members are bound by the search of Plaintiff's name, but that Plaintiff is bound by her lawyer's conduct. *Horwitz v. Holabird & Root*, 312 Ill.App.3d 192, 726 N.E.2d 632 (1st Dist. 2000); *see also Tolliver v. Northrop Corp.*, 786 F.2d 316, 319, (7th Cir. 1986).

If the court does not grant Defendant's motion to compel arbitration, limited discovery should be permitted on the issue of contract formation.

While Plaintiff also suggests that *Lukis* is additional authority in support of the motion to dismiss for lack of personal jurisdiction, the opinion is nothing new because the court merely referenced its prior opinion on the issue, which Whitepages reasserted to preserve for appeal. *See Lukis*, 2021 U.S.Dist. LEXIS 132843, *12. As set forth in Defendant's motion, an interactive website

2

does not subject Defendant to jurisdiction nor can Plaintiff manufacture jurisdiction. *See Art Akiane LLC v. Mardel, Inc.*, 2021 U.S. Dist. LEXIS 142503, *10, 2021 WL 3269837 (N.D.Ill. July 30, 2021)("If having an interactive website does not expose a defendant to suit, it would make little sense to hold that a few isolated interactions with that website by the plaintiff, in anticipation of litigation, would alter the calculus.").

Defendant respectfully requests that this Court grant its Motions to Dismiss Plaintiff's Complaint.

                          Respectfully submitted,

                          HINSHAW & CULBERTSON LLP

                          */s/John Ryan*
                          John Ryan

David M. Schultz
John Ryan
Louis J. Manetti, Jr.
Hinshaw & Culbertson LLP
151 North Franklin St., Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
jryan@hinshawlaw.com
lmanetti@hinshawlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that on August 10, 2021, a copy of the forgoing Response to Plaintiff's Supplemental Authority was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:   */s/John Ryan*
        John Ryan
        Hinshaw & Culbertson LLP
        151 North Franklin St., Suite 2500
        Chicago, IL 60606
        Phone No.: 312-704-3000
        Fax No. 312-704-3001
        jryan@hinshawlaw.com