**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARILYN AZUZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | 1:21-cv-01182 |
| Plaintiff, | ) | |
| v. | ) | Honorable LaShonda A. Hunt |
| | ) | |
| ACCUCOM CORPORATION d/b/a INFOTRACER, | ) ) | Magistrate Jeannice W. Appenteng |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE
FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant Accucom Corporation ("Defendant" or "Accucom"), submits this Reply in support of its Motion to Dismiss Plaintiff Marilyn Azuz's ("Plaintiff" or "Azuz") Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) [ECF Nos. 135-136] ("Motion" or "Mot.") and in response to Plaintiff's Brief in Opposition [ECF No. 145] ("Opposition" or "Opp.").

Dated: August 26, 2024

Respectfully Submitted,
*/s/ Chirag H. Patel*
Chirag H. Patel (#6306711)
Nicolas V. Dolce (#6338905)
CLARK HILL LLC
130 E Randolph St Suite 3900
Chicago, IL 60601
cpatel@clarkhill.com
ndolce@clarkhill.com

Myriah V. Jaworski (*pro hac vice*)
CLARK HILL PLC
One America Plaza
600 W Broadway #500
San Diego, CA 92101
mjaworski@clarkhill.com
*Attorneys for Accucom Corporation d/b/a InfoTracer*

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ...........................................................................................1

II.     ARGUMENT .................................................................................................3

      A.    Azuz Failed to Prove an Injury-in-Fact for Her IRPA Damages
           Claim.........................................................................................................4

           1.     Article III's Injury-in-Fact Framework for Statutory Violations is a
                 Two-Step Process...........................................................................4

           2.     Even if Demonstrating an IRPA Violation Alone is Sufficient to
                 Satisfy Article III, Azuz Lacks Standing Because She Failed to
                 Prove IRPA's "Commercial Purpose" Element...........................6

                i.     Azuz Must Show All Elements of IRPA to Demonstrate an
                      Injury-in-Fact in a Factual Challenge to Article III
                      Standing. ............................................................................6

                ii.    Azuz has Failed to Show She Suffered an Injury-in-Fact
                      Because She Has not Proven an IRPA Violation...........................11

           3.     Azuz Also Fails Article III's Causation Requirement Because Her
                 Attorneys Caused her Alleged Injury. .......................................12

      B.    Azuz Lacks Article III Standing for her IRPA Injunctive Relief
           Claim.......................................................................................................12

           1.     Azuz's Request for Prospective Injunctive Relief is Moot......................12

           2.     Azuz Lacks Standing Because She is Now a Minnesota Resident. ...........14

      C.    Subject Matter Jurisdiction Can Be Challenged at Any Time. ..............................15

      D.    This Court Should Deny Leave to File an Amended Complaint. ..........................15

III.    CONCLUSION...............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apex Digital, Inc. v. Sears, Roebuck & Co*.,
    572 F.3d 440 (7th Cir. 2009) ........................................................................ *passim*

*Avery v. State Farm Mut. Auto. Ins. Co*.,
    835 N.E.2d 801 (Ill. 2005) ......................................................................... 14, 15

*Bensen v InfoPay, Inc*.,
    1:21-cv-12061 (D. Mass.) .......................................................................... 13

*Bonilla v. Ancestry.com Operations Inc*.,
    574 F. Supp. 3d 582 (N.D. Ill. 2021)(Kendall, J.) ......................................... *passim*

*Buchholz v. Meyer Njus Tanick, PA*,
    946 F.3d 855 (6th Cir. 2020) ..................................................................... 8

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) .................................................................................. 8

*Craig v. Ontario Corp*.,
    543 F.3d 872 (7th Cir. 2008) ..................................................................... 15

*Deakins v. Monaghan*,
    484 U.S. 193 (1988) .................................................................................. 14

*Doe v. Twp. High Sch. Dist. 211*,
    34 N.E.3d 652 (Ill. App. Ct. 2015) ............................................................ 11

*Douglass v. Hustler Mag., Inc*.,
    769 F.2d 1128 (7th Cir. 1985) ................................................................... 2, 11

*Espinoza v. Nw. Univ*.,
    105 Fed. Appx. 113 (7th Cir. 2004) ........................................................... 3

*Fischer v. Instant Checkmate LLC*,
    2022 WL 971479 (N.D. Ill. Mar. 31, 2022)(Feinerman, J.) ...................... 10, 11, 13, 15

*Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) .................................................................................. 12

*Fry v. Ancestry.com Operations Inc*.,
    No. 3:22-CV-140 JD, 2023 WL 2631387 (N.D. Ind. Mar. 24, 2023) ............ *passim*

*Hoffower v. Seamless Contacts Inc.*,
No. 22 C 2079, 2024 WL 2882213 (N.D. Ill. Jun 7. 2024) ........................................... *passim*

*Kellman v. Spokeo, Inc.*,
2024 WL 2788418 (N.D. Cal. May 29, 2024) ........................................................................10

*Kellman v. Spokeo, Inc.*,
599 F. Supp. 3d 877 (N.D. Cal. 2022) ..................................................................................10

*Lake v. Wal-Mart Stores, Inc.*,
582 N.W.2d 231 (Minn. 1998)................................................................................................14

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992).................................................................................................................1

*Lukis v. Whitepages, Inc.*,
549 F. Supp. 798 (N.D. Ill. 2021)(Feinerman, J.)......................................................... *passim*

*Midwest Fence Corp. v. United States Dep't of Transportation*,
840 F.3d 932 (7th Cir. 2016) ....................................................................................................8

*Nasser v. S. Bend Clinic, LLC*,
2024 WL 940065 (N.D. Ind. Mar. 5, 2024) .............................................................................7

*Nolen v. PeopleConnect, Inc.*,
2023 WL 4303645 (N.D. Cal. June 30, 2023) ..........................................................................7

*Patel v. Facebook, Inc.*,
932 F.3d 1264 (9th Cir. 2019) ................................................................................................15

*People v. Elkins*,
148 N.E.3d 718 (Ill. App. Ct. 2019) ......................................................................................11

*Silha v. ACT, Inc.*,
807 F.3d 169 (7th Cir. 2015) ....................................................................................................7

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)............................................................................................................4, 10

*Tandy v. City of Wichita*,
380 F.3d 1277 (10th Cir. 2004) .............................................................................................13

*TransUnion v Ramirez*,
594 U.S. 413 (2021)........................................................................................................4, 5, 8

*Verde v. Confi-Chek, Inc.*,
No. 21 C 50092, 2021 WL 4264674 (N.D. Ill. Sept. 20, 2021)(Reinhard, J.)..........................5

*Walters v. Edgar*,
    163 F.3d 430 (7th Cir. 1998) ...................................................................................3, 15

*Wilson v. Ancestry.com LLC*,
    653 F. Supp. 3d 441 (S.D. Ohio 2023) ...........................................................................7

**Statutes**

765 ILCS 1075/5 ...............................................................................................................6

765 ILCS 1075/10 .............................................................................................................14

765 ILCS 1075/30(a) ..........................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 8 ........................................................................................................5, 6, 7

Fed. R. Civ. P.12(b)(1) ......................................................................................................15

Fed. R. Civ. P.12(b)(2) ......................................................................................................15

L. R. 56.1(3)(3) ...................................................................................................................3

Restatement (Second) of Torts § 652C (1997) ..................................................................14

## I.   __INTRODUCTION__

In this *factual* challenge to subject matter jurisdiction, "standing is 'not [a] mere pleading requirement[ ] but rather an indispensable part of [Azuz's] case, [and] must be supported ***in the same way as any other matter on which the plaintiff bears the burden of proof***, *i.e., with **the manner and degree of evidence*** required at the successive stages of the litigation." *Apex Digital, Inc. v. Sears, Roebuck & Co*., 572 F.3d 440, 443 (7th Cir. 2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)(emphasis added)). Thus, if "an IRPA violation inflicts a concrete injury-in-fact under Article III," *Lukis v. Whitepages, Inc*., 549 F. Supp. 798, 805 (N.D. Ill. 2021)(Feinerman, J.), then Azuz must prove an IRPA violation here "with the [same] manner and degree of evidence" as proving the merits of her claim. *See Fry v. Ancestry.com Operations Inc.*, No. 3:22-CV-140 JD, 2023 WL 2631387, at *5 (N.D. Ind. Mar. 24, 2023) (denying standing facial challenge for right of publicity claim but explaining that plaintiff would need to *show* that a "third party saw" him in search results to survive a later *factual* standing challenge).

Under that framework, Azuz has failed to meet her burden of demonstrating that she "in fact" has Article III standing, because she has failed to show actual use of her identity for a "commercial" purpose. In the context of an IRPA claim against a live search engine like Accucom's Website, SOF ¶¶ 19-14, Azuz must *prove* that her identity was actually shown to *someone* for a commercial purpose. *Apex Digital*, 572 F.3d at 444 (in a factual challenge, plaintiff has the burden of proving that jurisdiction "in fact" exists); *Hoffower v. Seamless Contacts Inc.*, No. 22 C 2079, 2024 WL 2882213, at *5 (N.D. Ill. Jun 7. 2024) (viewing solely by party's own counsel fails IRPA's "commercial purpose" prong); *Fry*, 2023 WL 2631387, at *5; SOF ¶¶ 22-24.

Azuz's hand-wringing Opposition entirely ignores the "*critical* difference between facial and factual challenges to [subject matter] jurisdiction," *Apex Digital*, 572 F.3d at 443. Instead, Azuz entirely relies on – and mischaracterizes – cases discussing facial (pleading) challenges to

1

Article III standing, or entirely different Article III issues altogether. At the pleadings stage, Azuz's generalizations about holding out, advertisements, subscription services, the Website's workflow, and silly hypotheses regarding the motives of Accucom's counsel in their litigation defense efforts might be sufficient. However, Azuz has the burden "to show standing at all stages" of litigation and, in response to this *factual* challenge, Azuz must prove that an actual commercial misappropriation of her identity occurred. *Fry*, 2023 WL 2631387, at *5.

The parties are now three years into this case and agree that discovery related to Article III standing is complete. Azuz does not, and cannot, contest that Accucom's Website has no static database; rather the Website is a live search engine that makes instant and dynamic API calls at the time of search. SOF ¶¶ 9-14. More importantly, no one ever searched or viewed Azuz in the Website's search results except the very litigants in this case. SOF ¶¶ 22-14. And that only occurred *after Azuz had already decided to file suit. Id.* This is not commercial misappropriation.

Azuz's amorphous argument about the speculative "loss of control over how her identity is commercially used" is also insufficient to *prove* Article III standing. Opp. at 11. Under both IRPA and its common law analog, it is the actual commercial misappropriation that causes the harm. *See Douglass v. Hustler Mag., Inc*., 769 F.2d 1128, 1138 (7th Cir. 1985) (discussing the "commercial-appropriation" at common law; and harm caused by commercial profiteering). Thus, the metaphysical loss of control or possibility that a name *may* appear in the results of a real-time search engine is not a commercial injury. *Hoffower*, 2024 WL 2882213, at *6. Rather, at this juncture, proof of harm for Article III standing purposes requires actual misappropriation. For Accucom's live search Website, SOF ¶¶ 9-14, that requires Azuz to show *someone* actually saw her identity in a commercial context. *Fry*, 2023 WL 2631387, at *5. That never occurred.

## II.    ARGUMENT[1]

*First,* if showing an IRPA violation is sufficient to show an Article III injury-in-fact, as Azuz asserts, then Azuz's claim fails because she has failed to prove the necessary element of a "commercial purpose" in this factual challenge. Mot. at 10-11. While showing actual misappropriation is not required at the pleading stage (*i.e.*, a facial challenge), it is required to survive a factual challenge. *See* § II(A)(1)-(2), *infra*. Applied to an IRPA claim against Accucom's live search engine Website, Azuz failed to prove an injury-in-fact because her information was never actually used in a commercial context. *See* § II(A)(2)(ii), *infra*. Azuz's claim also fails Article III's causation requirement because her injury is self-inflicted. *See* § II(A)(3), *infra*.

*Second,* Azuz lacks standing to seek *prospective* injunctive relief. Accucom demonstrated Article III mootness by permanently opting Azuz out of all search results and changing the Website's design. Mot. at 13-14. Accucom making these changes to comply with legal obligations demonstrates that it will not (and cannot) back-track these changes. *See* § II(B)(1), *infra*. In any event, Azuz as a Minnesota resident lacks standing to seek future relief under IRPA because IRPA does not have extraterritorial application. *See* § II(B)(2), *infra*; Mot. at 14.

*Next,* because Article III standing can be raised at any time, Azuz's gripes about the timing of this challenge are meritless. *See* § II(C), *infra*.

*Last,* if this Court finds that Azuz lacks Article III standing, it should deny the proposed intervenors Motion to Intervene under *Walters v. Edgar,* 163 F.3d 430 (7th Cir. 1998). The Parties

---

[1] Azuz's "Factual Background" cites only to her unverified complaint, Accucom's statement of facts, and the docket. Opp. at 3-4. While Azuz *ignores* much of Accucom's statement of facts, she does not deny or object to those facts. Accordingly, this Court should find that Accucom's statement of facts is deemed admitted. *See Espinoza v. Nw. Univ.*, 105 Fed. Appx. 113, 114 (7th Cir. 2004) (upholding order deeming facts admitted when non-moving party failed to controvert them). *See also* L. R. 56.1(3)(3) ("[a]sserted facts may be deemed admitted if not controverted").

have already briefed this issue and it is axiomatic that no case exists in which any party could intervene. This Court should summarily deny the Motion to Intervene. *See* § II(D), *infra*.

### A.    <u>Azuz Failed to Prove an Injury-in-Fact for Her IRPA Damages Claim.</u>

Under *TransUnion v Ramirez*, 594 U.S. 413, 424-26, 440 (2021), this Court's analysis begins by determining the appropriate framework for accessing whether an Article III injury-in-fact occurred (*i.e.*, whether a statutory violation alone is sufficient or whether standing requires demonstration an additional concrete harm). Even if this Court finds that "showing an IRPA violation alone" is the appropriate framework – as Azuz contends in her Opposition – the Court must still determine if Azuz has met her factual burden to show the violation "with the manner and degree of evidence required at the successive stages of the litigation." *Apex Digital*, 572 F.3d 440, 443. For an IRPA claim against a live search engine website, Azuz must show that someone (other than the litigants) saw her information in the search results (*i.e.*, for a commercial purpose). *Hoffower*, 2024 WL 2882213, at *5; *Fry*, 2023 WL 2631387, at *5. Azuz, accordingly, has failed to show that she "in fact" has an IRPA injury because it is undisputed that no one viewed her information on the Website outside of this litigation.

### 1.    Article III's Injury-in-Fact Framework for Statutory Violations is a Two-Step Process.

In *TransUnion*, 594 U.S. 413, 424-26, 440, the Supreme Court provides a two-step framework for Article III's injury-in-fact analysis for an alleged statutory violation. *First*, the Court must determine if the alleged statutory violation: (i) <u>does require</u> the plaintiff to show an *additional* distinct "concrete harm" because the plaintiff has a "bare procedural [statutory] violation," or (ii) <u>does not</u> require proof of an additional concrete harm because that statutory violation has a "close historical or common-law analogue for their asserted injury." *Id*. at 425 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). *Second*, the Court must apply the

framework to determine if the plaintiff met its burden of demonstrating an injury-in-fact. *See id*. at 434 (TCPA required an additional concrete harm because there was "no historical or common-law analog" and that plaintiff failed to meet that burden).

Thus, even if the Court's step-one analysis concludes that the alleged statutory violation falls into the second category (*i.e*., that statutory violation *itself* is sufficient to demonstrate an injury-of-fact), the Court must move to step-two to determine if the plaintiff has shown the alleged statutory violation. *See id.*; *Fry*, 2023 WL 2631387, at *5. In step-two, the Court must recognize the "***critical*** difference between facial and factual challenges to [subject matter] jurisdiction." *Apex Digital*, 572 F.3d at 443 (emphasis added). While a *facial* challenge evaluates only the threshold Fed. R. Civ. P. 8 sufficiency of pleading standing, a *factual* challenge determines "whether in fact subject matter jurisdiction exists." *Id*. at 444 (internal quotations and citations omitted).

In applying the step-one analysis of determining IRPA's injury-in-fact requirement, two courts in this district reached opposite conclusions: *Verde v. Confi-Chek, Inc*., No. 21 C 50092, 2021 WL 4264674, at *5 (N.D. Ill. Sept. 20, 2021)(Reinhard, J.), held that IRPA *does* require an additional concrete harm and *Lukis v. Whitepages, Inc*., 549 F. Supp. 798, 805 (N.D. Ill. 2021)(Feinerman, J.), held that showing an IRPA violation was sufficient to meet Article III's injury-in-fact requirement without an additional concrete harm.[2] Notably, *Verde* and *Lukis* were both facial challenges, and neither addressed that it is a plaintiff's burden to demonstrate an IRPA violation (and in particular IRPA's commercial purpose prong) in a response to ***factual*** jurisdictional challenge.  As explained in subsection (2), *infra*, Azuz lacks standing even if an

---

[2] *Bonilla v. Ancestry.com Operations Inc*., 574 F. Supp. 3d 582, 590-91 (N.D. Ill. 2021)(Kendall, J.) and *Hoffower*, 2024 WL 2882213, both followed *Lukis* as to the "step one" question. Accucom's motion argued that IRPA violations require an additional concrete harm under *Verde*. Mot. at 9-12. However, as three courts in this district have held that a statutory violation alone is sufficient, Accucom focuses its reply on demonstrating how Azuz has failed to meet even that burden.

IRPA violation alone is sufficient to satisfy Article III's injury-in-fact requirement because she has not shown the necessary IRPA element of use for a "commercial purpose."

> **2.  Even if Demonstrating an IRPA Violation Alone is Sufficient to Satisfy Article III, Azuz Lacks Standing Because She Failed to Prove IRPA's "Commercial Purpose" Element.**
>
> > ***i.  Azuz Must Show All Elements of IRPA to Demonstrate an Injury-in-Fact in a Factual Challenge to Article III Standing.***

The survival of Azuz's claim hinges on her argument that demonstrating an IRPA violation alone is sufficient to meet Article III's injury-in-fact requirement, and that third-party viewership is not an element of IRPA. Opp. at 6-9. This is flatly wrong under the very case law cited by Azuz. As explained below, all cases Azuz cites are either facial challenges (discussing only the Rule 8 pleading sufficiency) and/or only performed the "step one" injury-in-fact analysis discussed in subsection (1), above. When moving to step two – determining if Azuz has shown an IRPA violation sufficient to satisfy Article III's injury-in-fact requirement – Azuz's claim fails because she has failed to prove use of her identity for a "commercial purpose." 765 ILCS 1075/30(a).

A "commercial purpose" under IRPA requires "[a] the public use or holding out of an individual's identity" [b] in "connection with the offering for sale or sale" or for "purposes of advertising or promoting," a "product, merchandise, goods, or services." Mot. at 9 (citing 765 ILCS 1075/5). In *Hoffower*, 2024 WL 2882213, at *5, this District Court held that an IRPA claim against a live-search engine website failed IRPA's "commercial purpose" requirement because the evidence demonstrated that the plaintiff's search results were viewed only by her own attorney. Importantly, like Accucom's Website, SOF ¶¶ 9-14, the website in *Hoffower* also had a real-time search engine that pulled information from third-parties; it did not maintain a marketing database that included the plaintiff's name. *Id.* at *2-3.

In this factual Article III challenge, Azuz must demonstrate an IRPA violation (including its commercial purpose requirement), "with **the manner and degree of evidence** required at the successive stages of the litigation," *Apex Digital*, 572 F.3d at 443; *Hoffower* controls on this point. Thus, *even if* showing an "IRPA violation inflicts a concrete injury-in-fact under Article III," Opp. at 5, Azuz's IRPA claim still fails as she has not – and cannot – prove IRPA's commercial purpose element under *Hoffower*.

Azuz emphasizes that *Hoffower*, 2024 WL 2882213 at *3, found that Article III standing existed, before finding that the claim failed IRPA's "commercial purpose" element on the merits. Opp. at 10. However, for three key reasons it appears *Hoffower* applied the standard for a facial attack to its Article III standing analysis:[3]

**First**, *every* case *Hoffower* relied upon to find standing was in respect to facial challenge. *See id.* at *3-4 (citing *Lukis*, 549 F. Supp. 3d at 804-05 (evaluating a facial attack on standing); *Bonilla*, 574 F. Supp. 3d at 590-91 (facial attack; relying on *Lukis*)).[4] And it makes sense that courts do not require plaintiffs to *plead* third-party viewership to survive a facial challenge under a Fed. R. Civ. P. 8's "*Twombly–Iqbal* facial plausibility requirement," *Silha v. ACT, Inc*., 807 F.3d 169, 174 (7th Cir. 2015), because in most cases the evidence related to whether (and to what extent)

---

[3] *Hoffower*, 2024 WL 2882213 at *3-4, did not explain what standard it was applying to the defendant's subject matter jurisdiction challenge. As explained above and in Accucom's motion, under *Apex Digital* this distinction is "critical" because a facial challenge tests only whether the complaint meets Fed. R. Civ. P. 8's threshold requirement of plausibly pleading an injury-in-fact, while a factual challenge requires the plaintiff to prove she in fact has standing "with the manner and degree of evidence required" on the merits of the claim. *See Apex Digital*, 572 F.3d at 444.

[4] The out-of-district decisions cited are also ***facial*** challenges. *See Nasser v. S. Bend Clinic, LLC*, 2024 WL 940065, at *8 (N.D. Ind. Mar. 5, 2024)(facial attack); *Wilson v. Ancestry.com LLC*, 653 F. Supp. 3d 441, 453 (S.D. Ohio 2023)(facial attack)*; Nolen v. PeopleConnect, Inc*., 2023 WL 4303645, at *2 (N.D. Cal. June 30, 2023)(facial attack). Also, these cases do not involve interpretation of IRPA. Rather, these cases, respectively, apply Indiana, Ohio, and California, state publicity laws that have different elements.

a defendant has commercially misappropriated the plaintiff's identity may be exclusively in the defendant's possession. *C.f.*, *Fry*, 2023 WL 2631387.

On this point, *Fry*, 2023 WL 2631387, is on all fours. In *Fry*, a plaintiff asserted a right of publicity claim against a website based on her information appearing in search results. *Id.* at *1-2. In response to a facial challenge to Article III standing, the plaintiff's attorney submitted a declaration stating that the plaintiff's information was "displayed to Plaintiff's attorneys during the investigation and preparation of the Complaint." *Id.* at *5. The district court held that plaintiff "adequately alleged" Article III standing because it took "seriously its [Rule 12] obligation." *Id.* However, the district court then admonished plaintiff that he "continue[d] to bear the burden of establishing standing throughout the life of this litigation. *Id.* (citing *Midwest Fence Corp. v. United States Dep't of Transportation*, 840 F.3d 932, 939 (7th Cir. 2016)). The district court that explained why viewership exclusively by the plaintiff's attorney would fail a factual challenge:

> The Court cautions that in order for [plainriff] to have standing based on the first alleged injury, the offending conduct—the misappropriation of his likeness for commercial gain—*has to have actually happened* at least one time. *See TransUnion*, 141 S. Ct. at 2206 ("An uninjured plaintiff who sues in those circumstances is, by definition, not seeking to remedy any harm to herself" and does not have standing). And this kind of claim—misappropriation in advertising—necessarily requires that some third party saw the advertisement at some point. It will not suffice if the advertising occurred only to [plaintiff's] attorneys for the purpose of litigation, as that defies all logic. Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). It is silly to complain at length that one is devastated by the unauthorized use . . . where *he orchestrated the use* and the injury may not have occurred but for his initiative. *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 866 (6th Cir. 2020) (self-inflicted injury severs the connection between the defendant and the harm).

*Id.* (citations in original; docket citations omitted). In sum, to prove *factual* Article III standing, the plaintiff would need to "prove his [identity] was used in advertisements to third parties." *Id.*

**Second**, the only two in-district decisions *Hoffower* relied upon – *Lukis*, 549 F. Supp. 3d 798, 805 and *Bonilla*, 574 F. Supp. 3d at 590-91 – were not only facial challenge cases, but they also addressed an entirely different standing question. As explained in subsection (1) above, *Lukis* and *Bonilla* narrowly addressed *TransUnion*'s "step one" question of whether an IRPA claim requires a separate showing of concrete harm in addition to the statutory violation. *Ibid*. Indeed, as *Hoffower*, 2024 WL 2882213, at *3, acknowledges, *Lukis* "did not consider whether the plaintiffs had *alleged* that a third party viewed their information on the defendant's website" (emphasis added).[5] Neither did *Bonilla*, 574 F. Supp. 3d at 590-91. In other words, a plaintiff's burden in a factual challenge, and particularly whether IRPA's commercial purpose requires proof of actual misappropriation *at that stage* (e.g., proof of someone saw the plaintiff's information in live search engine's search results) was not a litigated issue and not before the courts in either *Lukis* or *Bonilla*.

**Third**, *Hoffower*'s Article III and merits holdings would be incongruent, unless the Article III discussion was applying a facial standard. As explained above, under a factual challenge the plaintiff has the burden to demonstrate injury-in-fact "in the same way as any other matter on which the plaintiff bears the burden of proof." *Apex Digital,* 572 F.3d at 443. As *Hoffower*, 2024 WL 2882213 at *3, found that proving "an IRPA violation inflicts a concrete injury-in-fact under Article III," the plaintiff carried an identical burden of demonstrate IRPA's "commercial use" element for both Article III standing and merits purposes. *See Fry*, 2023 WL 2631387, at *3. Because it reached different conclusions, the *Hoffower* court must have been applying a plausibility standard to its Article III analysis.

---

[5]Thus, when *Lukis* called IRPA violations an "easy case under the governing test," it was discussing *TransUnion*'s "step 1" test of assessing whether a plaintiff needed to show an additional concrete harm to demonstrate an Article III injury-in-fact. *See Lukis*, 549 F. Supp. 3d at 804.

Thus, *Hoffower* necessarily applied the facial challenge standard in its Article III analysis. And with that backdrop, it appears that *Fry*, 2023 WL 2631387, is the only right of publicity case that has analyzed a plaintiff's distinct burdens to demonstrate Article III standing under a facial and factual standard, as explained by the Seventh Circuit in *Apex Digital,* 572 F.3d 440.

The only other in-district case Azuz cites is *Fischer v. Instant Checkmate LLC*, 2022 WL 971479, at *10 (N.D. Ill. Mar. 31, 2022)(Feinerman, J.).[6] In that class certification order, the district court said that the storage of plaintiff's name in the defendant's static marketing database was "commercial" use under IRPA. In *Hoffower*, 2024 WL 2882213, at *4, the district court explained that live search engines that have no database (like Accucom's Website, SOF ¶ 12), and therefore the "mere possibility that a plaintiff's information could be held out on the defendant's [website]", are insufficient to demonstrate a commercial use under IRPA. *Fischer* is inapposite.

In sum, the instant case provides the Court an opportunity to harmonize the case law in this district and clarify the framework for addressing Article III facial and factual challenges to IRPA claims against real-time search websites:

For **facial challenges**, under *Hoffower, Fry, Lukis,* and *Bonilla* (and other out-of-district decisions cites by Azuz), a plaintiff can a survive a facial challenge to Article III standing by plausibly alleging all elements of an IRPA claim. With respect to an IRPA claim against a live search engine website, a plaintiff does not need to plead third-party viewing to plausibly plead Article III standing.

For **factual challenges**, under *Apex Digital*, *Hoffower*, and *Fry,* the plaintiff needs to prove the IRPA violation in the manner and degree of evidence required for a merits challenge. This

---

[6] The only other citation in Azuz points to on this issue is *Kellman v. Spokeo, Inc.*, 2024 WL 2788418, at *5 (N.D. Cal. May 29, 2024). *Kellman* applied an entirely different Ohio statute and was also a facial challenge. *See Kellman v. Spokeo, Inc.*, 599 F. Supp. 3d 877 (N.D. Cal. 2022).

includes IRPA's "commercial purpose" element, as *commercial* misappropriation is the injury that has "close historical or common-law analogue for their asserted injury." *Spokeo*, 578 U.S. at 341. *See Douglass*, 769 F.2d at 1138 (discussing the historical "commercial-appropriation branch of the right of privacy"). In the narrow context of IRPA claims against live search engine websites (those without marketing databases like in *Instant Checkmate*), the plaintiff must prove that her information was viewed by a third-party for a commercial purpose.

**ii.**      ***Azuz has Failed to Show She Suffered an Injury-in-Fact Because She Has not Proven an IRPA Violation.***

Applying the appropriate framework, Azuz has failed to demonstrate an injury-in-fact based on an IRPA violation. As explained in *Hoffower*, 2024 WL 2882213, at *4, and *Fry*, 2023 WL 2631387, at *5, a viewing by Azuz's own attorney does not constitute use for a commercial purpose. Under the same logic, there was certainly no "commercial purpose" to Accucom and its attorneys investigating Azuz's claim after she filed suit. Mot. at 11-12. Any other holding would not only prevent a defendant from investigating a claim filed against it, but it would also convert Article III into a technical game instead of an important test to ensure federal courts are adjudicating real "cases" and "controversies."

Azuz's arguments about Accucom's attorney and employee investigation are nonsensical. Opp. 10-11. First, undersigned counsel Myriah V. Jaworski averred that Accucom was an active client of her former firm and that she directed her associate to conduct a search as part of the firm's defense investigation. SOF ¶ 23(c).[7] None of these searches would have occurred but-for Azuz

---

[7] Any work an attorney conducts "for litigation then in progress or in reasonable anticipation of future litigation" is privileged without regard to whether that attorney was eventually hired to defend that suit or filed an appearance in the litigation. *People v. Elkins*, 148 N.E.3d 718, 721 (Ill. App. Ct. 2019). The investigatory search conducted by Accucom *at its counsel's direction* is also privilege work product. SOF ¶ 23(D). *See Doe v. Twp. High Sch. Dist. 211*, 34 N.E.3d 652, 674 (Ill. App. Ct. 2015). In any event, Azuz failed to prove that Accucom by its attorney visiting the website to investigate her lawsuit had any commercial purpose.

11

filing this suit. Azuz has failed to meet her burden of demonstrating that Accucom caused a "commercial" misappropriation of her identity. Mot. at 11-12.

### 3. Azuz Also Fails Article III's Causation Requirement Because Her Attorneys Caused her Alleged Injury.

Finally, Azuz lacks Article III standing because her alleged injury is self-inflicted. Mot. at 11-12. Azuz's attorney's ran the search, and then Accucom investigated the claim after she filed suit. Azuz attempts to shift the causation back to Accucom by arguing that Accucom defending a lawsuit caused "loss of control" of her identity. Opp. at 11-12. *Hoffower*, 2024 WL 2882213, at *4, rejected this argument, explaining that "to the extent that [plaintiff's] identifying information could potentially appear among the billions of data points that [the defendant website] draws from to complete users' search queries" is insufficient to use for a commercial purpose. As explained above, at this juncture Azuz needs to prove an actual commercial misappropriation occurred. Accordingly, Azuz failed Article III's causation requirement.

### B. <u>Azuz Lacks Article III Standing for her IRPA Injunctive Relief Claim.</u>

Azuz also lacks standing to seek future injunctive relief because that claim is moot and because she is now a Minnesota citizen.

### 1. Azuz's Request for Prospective Injunctive Relief is Moot.

Azuz's IRPA claim is moot because Accucom has (i) suppressed Azuz's information from appearing in Search Results, and (ii) Accucom's modifications to its Search Results removed the complained-of information. Mot. at 12-14. Azuz oddly argues that Accucom "misunderstands the relationship between mootness and standing." Opp. at 13-14, but it provides the identical framework as Accucom's motion. Nonetheless, the Parties agree that a claim becomes moot – and divests a party of Article III standing – when it "it is absolutely clear the allegedly wrongful

behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.,* 528 U.S. 167, 190 (2000).

Azuz, relies solely on *Fischer,* 2022 WL 971479, at *5, and intentionally ignores Accucom's supporting facts, arguing that suppression *alone* is not sufficient to show mootness. Opp. at 14-15. Azuz correctly cites that in *Fischer,* 2022 WL 971479, at *5, the defendant offered *only* evidence of voluntary cessation. Moreover, it appears that the opt-out was a manual one-off suppression of the plaintiff in that case. *Id.* The defendant offered no additional facts to show that the plaintiff would not be manually re-added to search results. *See id.*

Unlike *Fischer,* Accucom's Website's opt-out feature is a permanent and publicly available feature. Mot. at 13. Moreover, Accucom explains that the opt-out feature will not be removed because it exists to comply with a variety of privacy laws. *Id.* Finally, further separating Accucom from *Fischer* is that Accucom also made permanent changes to the flow of its Website such that it no longer displayed the complained-of information in October 2021.[8] *Id.* Accucom specifically states that it continually makes updates to its Website as part of an ongoing effort *to* "*improve legal compliance.*" SOF ¶ 25.[9] *Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004) (permanent changes to buses and bus routes were sufficient to show mootness to ADA claim).

Azuz's arguments that wrongful conduct may recur are meritless. First, Azuz complains that Accucom's opt-out process has an appeal process. Opp. at 20. The appeal process is irrelevant because Accucom has already removed Azuz's information. In any event, Accucom providing a

---

[8] Notably, Azuz does not argue that the Website in its current form violates IRPA. Accordingly, Azuz concedes voluntary cessation. *See* Opp. at 14-15.

[9] Further demonstrating that the alleged wrongful conduct will not recur is the fact that Accucom made changes to its Website based on its confidential settlement in *Bensen v InfoPay, Inc*., 1:21-cv-12061 (D. Mass.). Azuz's counsel is well aware of the obligatory changes made as a result of that settlement as they represented Bensen in that matter.

full and fair opportunity to those who seek to have their information removed from the Website's search results only further demonstrates that there is no possibility of recurrence.

Second, Azuz argues that because Accucom "continually" makes changes to its Website, it could be changed back at any time to its pre-October 2021 form. Azuz ignores that Accucom specifically stated that it makes "updates to its Website as part of an *ongoing effort to improve legal compliance* and its business." SOF ¶ 25 (emphasis added). This Court should reject Azuz's totally speculative hypotheses about the Website's future operation. Accucom has demonstrated that Azuz's request for prospective injunctive relief is moot.[10]

**2.      Azuz Lacks Standing Because She is Now a Minnesota Resident.**

Azuz's sole argument in opposition is that "injunctive relief she seeks still relates to the publication of her information as an Illinois resident." Opp. at 16. Azuz misses the point. IRPA protects an Illinois citizen's *personal* rights (how their information is used for commercial purposes). 765 ILCS 1075/10. Minnesota residents have similar protections (with different boundaries) through a common law right of publicity. *See Lake v. Wal-Mart Stores, Inc*., 582 N.W.2d 231 (Minn. 1998) ("[a]ppropriation . . . is committed when one "appropriates to his own use or benefit the name or likeness of another." (quoting Restatement (Second) of Torts § 652C (1997)). As explained above, Azuz's information was never published to anyone except the litigants in this case (and she is not opted out of search results). See § II(A), *supra*.

Azuz makes no effort to apply the Illinois Supreme Court's extraterritoriality test in *Avery v. State Farm Mut. Auto. Ins. Co*., 835 N.E.2d 801, 853-54 (Ill. 2005). *See* Mot. at 14 (applying *Avery* factors); Opp. at 16. While Azuz could maintain an action for a *past* alleged IRPA violation that occurred while she resided in Illinois, she lacks standing to seek *future* injunction relief under

---

[10] Azuz's discussion of *Deakins v. Monaghan*, 484 U.S. 193, 201 n.4 (1988) does not provide any helpful analysis. Opp. at 15-16. It only recites the relevant standard.

the Illinois Supreme Court's *Avery* factors because a request for future protection would need to occur Minnesota law. *See Fischer*, 2022 WL 971479, at *10 (citing *Avery*, 835 N.E.2d at 853-54)(discussing *Avery* factors).[11]

**C.      Subject Matter Jurisdiction Can Be Challenged at Any Time.**

Because "[s]ubject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into *at any time* . . . ." *Craig v. Ontario Corp*., 543 F.3d 872, 875 (7th Cir. 2008). Accucom's instant motion is timely. *See* Opp. at 1.

**D.      This Court Should Deny Leave to File an Amended Complaint.**

Finally, if this Court finds that Azuz lacks Article III standing, it should deny the proposed intervenors (the individuals who were previously denied leave to file an amended complaint) under *Walters v. Edgar,* 163 F.3d 430 (7th Cir. 1998). The Parties have already briefed this issue. *See* Mot. at 14-15; Apr. 24, 2024 Order Den. Mot. for Leave [ECF No. 121].[12] It is axiomatic that if Azuz lacks Article III standing, there is no "case" in which any individual could "step into."

**III.   CONCLUSION**

WHEREFORE this Court should: (1) dismiss Azuz's complaint with prejudice under Fed. R. Civ. P.12(b)(1), and (2) deny Plaintiff's Counsel leave to file an amended complaint or allow intervenors under *Walters,* 163 F.3d 430.

Dated: August 26, 2024                    Respectfully Submitted,

                                          */s/ Chirag H. Patel*
                                          Chirag H. Patel (#6306711)

---

[11] Azuz tersely casts aside *Patel v. Facebook, Inc*., 932 F.3d 1264, 1276 & n.7 (9th Cir. 2019) without discussion. However, in *Patel*, the Ninth Circuit applying *Avery*'s "long-standing rule" that "a statute is without extraterritorial effect unless a clear intent . . . appears [in] the statute" concluded that another Illinois privacy statute (BIPA) does noes have extra-territorial application. This applies equally to IRPA.

[12] If this Court reaches any other result than finding that Azuz lacks Article III standing, then Accucom requests to brief the proposed intervenors' motion to intervene, as directed by this Court.

## CERTIFICATE OF SERVICE

On August 26, 2024, the undersigned filed a copy of the forgoing document via CM/ECF, which will send notice to all counsel of record:

By:  */s/ Chirag H. Patel*
      Chirag H. Patel